**William R. SHEEHY, d.b.a. Pyramis, Respondent,**

v.

**Jack W. BODIN, Appellant.**

**No. C3-83-1979.**

Court of Appeals of Minnesota.

June 12, 1984.

Steven C. Overom, Steven W. Schneider, Halverson, Watters, Bye, Downs & Maki, Ltd., Duluth, for appellant.

C. William Franke, St. Paul, for respondent.

Heard, considered, and decided by POPO-VICH, C.J., and HUSPENI and NIEREN-GARTEN, JJ.

## OPINION

HUSPENI, Judge.

Sheehy brought action against Bodin for fees earned pursuant to a brokerage agreement. The trial court, sitting without a jury, found that Sheehy had complied with the terms of that agreement and awarded $15,000 to him. Bodin's motion for a new trial was denied. This appeal followed. We affirm.

## FACTS

William Sheehy, a licensed real estate broker, operates a sole proprietorship called Pyramis. Much of his business involves finding suitable development sites for national restaurant chains. Jack Bodin is a real estate developer.

Bodin owned an undeveloped lot on Maple Grove Road and U.S. Highway 53 in Duluth, close to the Miller Hill Mall. Sheehy knew that the Howard Johnson's Company was interested in building a Ground Round restaurant in Duluth. During the spring of 1977, Sheehy contacted Bodin about the Maple Grove Road property. They discussed several ways of developing the property, including a potential joint venture between Bodin, Howard Johnson's, and Sheehy. Ultimately, they discussed a broker-landlord relationship.

On August 23, 1977, Sheehy brought Walter Francois of the Howard Johnson's Company to Duluth. Sheehy introduced Francois to Bodin. They discussed building the Ground Round on Bodin's property.

On August 31, 1977, Sheehy wrote a commission agreement which provided that "Pyramis has introduced and is willing to help process the above project for a fee of $15,000.00 payable in full upon commencement of construction of the project." He sent it to Bodin. Bodin objected to the time for payment and did not sign. Sheehy

changed the time for payment and, on August 31, 1978, sent the following revised agreement to Bodin:

At the present time Howard Johnson's is interested in locating a Ground Round Restaurant on the above described property owned by you on a build/leaseback basis. Pyramis has introduced and is willing to help process the above project for a fee of $15,000.00 payable in full upon finding of the permanent financing.

Bodin signed the agreement.

Shortly before construction was to begin, the City of Duluth imposed a moratorium on construction in the Miller Hill area. The moratorium was later lifted and the Ground Round built.

### ISSUE

Whether Sheehy completed the terms of the brokerage agreement dated August 31, 1978.

### ANALYSIS

Bodin argues that the August 1978 agreement was based on past consideration and therefore unenforceable and that Sheehy did not perform under the terms of that agreement. The trial court found that:

6. In 1977 Sheehy attempted to secure agreements with Bodin to pay a commission to Sheehy if Sheehy succeeded in locating a restaurant on a portion of Bodin's property.

7. Bodin in 1977 refused to execute the proposed commission agreements with Sheehy.

8. On August 31, 1978 Sheehy prepared for execution a commission agreement wherein a fee of fifteen thousand dollars ($15,000) was to be paid in the event a Ground Round Restaurant was located on Bodin's property, which commission agreement was accepted by Bodin.

. . . .

15. During the existence of the moratorium Bodin, and Ground Round Restaurant, required no services to be performed by Sheehy, although Sheehy was willing to participate in meetings, negotiations, or other activities related to the Bodin property.

. . . .

17. Sheehy performed fully the services required under the terms of Exhibit 1 [the signed agreement] and was required to perform no other services in order to qualify for the commission described in Exhibit 1.

■ Sheehy's introduction of Bodin to Francois is indeed past consideration. At best, reference to that introduction in the August 31, 1978 agreement assists the court in determining the intent or motive of the parties. We agree that past consideration cannot support a promise to pay and is invalid. J. Calamari & J. Perillo, The Law of Contracts §§ 4–2, 5–18 (2nd ed. 1977).

The introduction is not, however, the only consideration mentioned in the August 1978 agreement. Under the terms of that agreement, Sheehy must also be "willing to help process the above project." The trial court specifically found that Sheehy was available and willing to help process the project.

■ Contract language is to be given its plain and ordinary meaning. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63 (Minn.1979). Under the plain terms of this agreement, Sheehy was not required to do anything more than be available. The fact that Bodin might not have needed Sheehy's assistance nor called upon him to act does not change the fact that under the contract he only had to be available to help. Sheehy fulfilled the terms of the August 1978 agreement and was entitled to the $15,000 fee.

### DECISION

The agreement only required Sheehy to "be willing to help process" the project. Sheehy was willing and available to help process the project. He fulfilled the agreement and was entitled to the brokerage fee.

Affirmed.